## NEW YORK COMMON PLEAS.

### FREDERICK SIEFKE agt. ANDREW KOCH.

The *assignee* of a lease reserving rent, is liable for rent only as long as he remains in the legal relation of assignee; and when he assigns to another, and the latter accepts the assignment, all further liability on the part of the former is at an end.

The *consent* of the landlord or lessor, that the lessee may assign the lease to another, operates as a *discharge thereafter* of the covenant that the lease should not be assigned, without the lessor's consent.

*General Term February*, 1866.
*Before* DALY, *F. J.*, BRADY *and* CARDOZO, *Judges.*

*By the court*, DALY, F. J.    This action was brought against the defendant, the assignee of a lease, to recover for rent which had accrued after he had ceased to be assignee.

The defendant was liable for rent only as long as he remained in the legal relation of assignee, and when he assigned to Brantingham, and the latter went into possession under the assignment, all further liability on the part of the defendant was at an end. (*Journecay* agt. *Brackley*, 1 *Hilt.* 452 ; *Lekeux* agt. *Nash*, 2 *Str.* 122.)

The consent of the plaintiff that Krakenbuhl, the lessee, might assign to the defendant, operated as a discharge thereafter of the covenant that the lease should not be assigned without the plaintiff's consent, and the defendant took by the assignment the remaining interest in the premises, free from the restraint of that condition. (*Dumfers case*, 4 *Coke*, 119 ; *Dakin* agt. *Williams*, 21 *Wend.* 457.)

The jury were told that this was the law, and yet in direct contravention of the judge's charge, there being no conflict in the evidence, they found a verdict for the plaintiff.

The judgment should be set aside.